P.earsoN, J.
 

 Upon the death of an administrator, the duty of settling up the estate devolves on an administrator
 
 de bonis non.
 
 The administrator of the administrator has nothing to do with it, except to account for and deliver over to the administrator
 
 de bonis non,
 
 sitch of the assets as have not been disposed of by the first administrator in the due course of administration.
 

 Creditors and distributees must look to the administrator
 
 de bonis non,
 
 for he represents his intestate. There is no privity between them and the administrator of the administrator. They cannot sue him directly, nor have they a right of action on the administration bond executed by his intestate. This bond does not vary or add to the duties of or liabilities of an administrator, but merely
 
 increases the security
 
 for the performance of his duty.
 
 State
 
 v
 
 Johnson,
 
 8 Ire. 397,
 
 State
 
 v
 
 Britton,
 
 11 Ire. 110,
 
 State
 
 v , Ire. 160.
 

 We prefer to put our decision on the broad principle, and lay no stress on the fact, that the debt in this case did not become due until after the death of the first administrator.
 

 The circumstance, that the debt has been ascertained by a judgment, seeins to be relied on by the plaintiff', for the purpose of talcing his case out of the operation of the general
 
 *66
 
 principle. We are at a loss to perceive how it can have that effect. In the first place, such a judgment is unknown-at commonlaw, and there is no statute 'to warrant it. At common law, no plaintiff could take judgment, without showing a liability on the'.part of the defendant. The judgment
 
 qumi-do
 
 was not an ‘exception; for, it did not, in fact, become a judgment until assets came to hand. Our statutes authorise a judgment, when the defendant is not shown to be-liable in but three cases — where “ no assets” is pleaded, or before a single justice, when a creditor admits the personal ‘■estate to have been fully administered, and seeks to charge the real estate, and where a creditor seeks to proceed on the '■refunding bond. So, the judgment in this case, not being ■authorised either at common law or by statute, can have no Torce or effect.
 

 In the second place, as there was no privity or cause of -action before the .judgment, it is impossible that such a .judgment can have the effect of creating a privity, and giving the plaintiff a cause of action against a stranger. We ■imagine this experiment was suggested by some supposed analogy to the ..proceeding in equity, where relief is given after a creditor has ascertained his debt-atlaw and is unable 'to obtain satisfaction. There is, in fact, no analogy. The action in this case is of the first impression, and has neither .principle, authority, or analogy to support it.
 

 Per 'Cuimam-. Judgment affirmed.